**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSE ENMANUEL REYES GUZMAN,<br><br>        *Petitioner,*<br><br>    v.<br><br> KRISTI NOEM, et al.,<br><br>        *Respondents.* | No. 25-cv-17067 (MEF)<br><br><br>**OPINION and ORDER** |

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court assumes nearly full familiarity with the facts and procedural history here.

\*    \*    \*

The Petitioner[1] is being held in custody by federal immigration authorities.  See Petition ¶ 10 (ECF docket entry 1).

But the uncontested facts establish that the Petitioner is party to a settlement agreement under which he cannot be detained without first being given an asylum-adjudication hearing that meets certain standards.  The Petitioner has not received such a hearing.  See id. ¶¶ 15-24; Answer at 1-5(ECF docket entry 8-1).

The Respondents argue back that the Petitioner is no longer eligible for relief under the settlement --- because the asylum-hearing process got underway in 2004, but the Petitioner never showed up for his interview.  See Answer at 2-3.

But the problem with the Respondents' argument is this: while the relevant federal agency sent an interview notice to an address they had for the Petitioner, see Horton Declaration ¶ 8

---

[1]   Jose Emmanuel Reyes-Guzman.

(ECF docket entry 16-1), there is strong documentary evidence that (i) the Petitioner had already moved to another address and (ii) the agency knew as much --- indeed, the agency had, itself, been sending materials to the Petitioner's new address.  See id. ¶¶ 11, 13; Index Search at 1 (ECF docket entry 10); Receipt Notice at 1 (ECF docket entry 10); Transfer Notice at 1 (ECF docket entry 10).

All of this suggests a high likelihood that the Petitioner is now being held in custody in violation of the laws of the United States.

First, because he is not being given the benefit of the settlement agreement.  See Jacobo v. U.S. Att'r Gen., 459 Fed. App'x 112, 116 n.6 (3d Cir. 2012); Answer at 5 ("if he had no notice of his interview, then . . . he is still entitled to it"); see generally Am. Baptist Churches v. Thornburgh, 760 F. Supp. 796, 804 (N.D. Cal. 1991) (paragraph 17).

And second, because the preponderance of the factual evidence supports the conclusion that the relevant federal agency knew where the Petitioner was, and affirmatively dealt with him there --- but sent the interview notice to the wrong place.  This is almost surely insufficient as a matter of law.  See, e.g., Robinson v. Hanrahan, 409 U.S. 38, 40 (1972); Lopez v. United States, 201 F.3d 478, 480-81 (D.C. Cir. 2000); cf. Jones v. Flowers, 547 U.S. 220, 230 (2006); Peralta-Cabrera v. Gonzales, 501 F.3d 837, 845-46 (7th Cir. 2007).

*    *    *

In circumstances like this one, where there is a high likelihood that a habeas petitioner is being held in violation of the laws of the United States, the Court is permitted to admit the petitioner to bail.  See Transcript of Oral Argument at 16-17, Khalil v. Joyce, No. 25-01963 (D.N.J. June 20, 2025) (ECF 330).

Against that backdrop, the Court sought relevant information from the parties.  See Order (ECF docket entry 23).  The various filings the parties provided, see (ECF docket entries 24, 25, 28, 29), establish that the Petitioner is plainly not a danger to the community, and, on balance, is also not a fight risk.

Accordingly, the Petitioner is hereby bailed.  He shall be promptly released from the custody of federal immigration officials.

*    *    *

2

The above release order shall expire, without need of further judicial action, after the Petitioner has received the hearing due to him under the referenced settlement agreement, and a written decision has been issued following that hearing.

                         *      *      *

The Respondents have suggested that it may be appropriate to impose certain supervised-release-type conditions on the Petitioner as a condition of his release.  See Letter at 1 (ECF docket entry 29).

Should there be a basis for any such release conditions, the Respondents shall make an application to this Court.

                         *      *      *

IT IS on this 13th day of April, 2026, **SO ORDERED.**

                                        _____
                                        Michael E. Farbiarz, U.S.D.J.

3